**Jesus PEREZ–MONJE, Petitioner,**

v.

**Eric H. HOLDER, Attorney General, Respondent.**

No. 05–71387.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 4, 2010.*

Filed Oct. 14, 2010.

Elsa Ines Martinez, Esquire, Law Offices of Elsa Martinez, PLC, Los Angeles, CA, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, Jennifer L. Lightbody, Esquire, Melissa Lynn Neiman–Kelting, Senior Litigation Counsel, OIL, Papu Sandhu, Senior Litigation Counsel, Mark Christopher Walters, Esquire, Assistant Director, U.S. Department of Justice, Washington, DC, for Respondent.

Before: PREGERSON, D.W. NELSON and IKUTA, Circuit Judges.

MEMORANDUM **

The Board of Immigration Appeals ("BIA") erred in relying on Perez–Monje's failure to show prejudice as the basis for

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

142

denying his motion to reopen proceedings after an in absentia order. Such a showing is not required in this context. *Lo v. Ashcroft*, 341 F.3d 934, 939 n. 6 (9th Cir. 2003). Additionally, the BIA erred in failing to consider Perez–Monje's allegation that his attorney provided ineffective assistance by failing to comply with the *Lozada* requirements in his initial motion to reopen on November 8, 1999, *see Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), and by filing an untimely appeal to the BIA on April 25, 2000. Moreover, the BIA did not consider Perez–Monje's argument that he was entitled to equitable tolling of the time and number requirements for motions to reopen. *See Socop–Gonzalez v. INS*, 272 F.3d 1176, 1193 (9th Cir.2001); *see also* 8 U.S.C. § 1229a(b)(5)(C)(i); 8 C.F.R. §§ 1003.2(c)(3), 1003.23(b)(4)(ii). The BIA is "not free to ignore arguments raised by a petitioner." *Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir.2005).

Additionally, the BIA did not address Perez–Monje's eligibility for INA § 212(c) relief, 8 U.S.C. § 1182(c) (1994), *repealed by* Pub.L. 104–208, § 304(b), 110 Stat. 3009–597 (1996), in light of *Matter of M–S–*, 22 I. & N. Dec. 349 (BIA 1998), or *Abebe v. Mukasey*, 554 F.3d 1203 (9th Cir.2009) (en banc). We remand to the BIA to consider these issues in the first instance. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

**PETITION FOR REVIEW GRANTED and REMANDED.**

*** This disposition is not appropriate for publication and is not precedent except as provid-